**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Stacy L. Smith,<br>Plaintiff,<br>v.<br>Inter-Con Security Systems Inc.; et al.,<br>Defendants. | Case No. 2:26-cv-03125-CDS-DJA<br><br>**Order** |

Pro se Plaintiff Stacy L. Smith has filed an application to proceed *in forma pauperis* (which means, to proceed without paying the filing fee). (ECF No. 1). However, Plaintiff's application is missing certain information. The Court thus denies Plaintiff's updated application without prejudice and will give Plaintiff another chance to apply to proceed *in forma pauperis* or to pay the filing fee.

## I. Discussion.

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co*., 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial

status and to deny a request to proceed *in forma pauperis*. *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application).

Here, in response to question 2—which asks Plaintiff to provide the name and address of her employer—Plaintiff answered "N/A." The court construes this to mean that Plaintiff is unemployed. But in response to the same question, Plaintiff indicates that she receives $552.47 in gross pay or wages, yet no take-home pay or wages. It is unclear how Plaintiff receives gross pay or wages given that she appears to indicate that she is unemployed. It is also unclear how Plaintiff receives $552.47 in gross pay or wages but no take-home pay or wages. Moreover, in response to question 3 which requires Plaintiff to indicate whether she has received income from other sources, she checks "No" in regard to every listed source. However—despite answering "No" to any other sources of income—in response to question 4, Plaintiff indicates that she has $463.00 in cash or in a checking or savings account. She also answers "N/A" in response to question 5, which requires Plaintiff to list any automobile, real estate, stock, bond, security, artwork, or other financial thing of value. The Court construes this to mean that Plaintiff does not own any financial thing of value. However, given that Plaintiff indicates that she is unemployed; that she has no other sources of income; and that she owns nothing of value, it is unclear how Plaintiff lives and affords her monthly expenses of food, toiletries, and transportation.

Given these issues, it appears that Plaintiff has omitted information from the application. The Court therefore cannot determine whether Plaintiff qualifies for *in forma pauperis* status. The Court will give Plaintiff one opportunity to file a complete *in forma pauperis* application. The Court further orders that Plaintiff may not respond with a zero or "not applicable" in

response to any question without providing an explanation for each of the questions. Plaintiff also may not leave any questions blank.

The Court denies Plaintiff's *in forma pauperis* application without prejudice. The Court gives Plaintiff 30 days to file an updated application. Plaintiff must fully answer all applicable questions and check all applicable boxes. Plaintiff may alternatively pay the filing fee in full.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff has until **November 6, 2026,** to file an updated application to proceed *in forma pauperis* as specified in this order or pay the filing fee. Failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order and of the Short Form application to proceed *in forma pauperis* and its instructions.[1]

DATED: October 7, 2026,

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

[1] This form and its instructions can also be found at https://www.nvd.uscourts.gov/court-information/forms/ under Code AO 240.